SHAW, Respondent, v. BRISBINE, et al, Appellants.

(260 N. W. 710.)

(File No. 7768.   Opinion filed May 4, 1935.)

*Clair Roddewig,* of Pierre, *Irwin A. Churchill,* of Huron, and *Roy E. Willy,* of Sioux Falls, for Appellants.

*Tom Kirby* and *T. M. Bailey,* both of Sioux Falls, for Respondents.

CAMPBELL, J.   Section 8957, R. C. 1919, as amended by chapter 96, Laws 1925, relating to directors, officers, and employees of state banks reads in part as follows: " * * * Each officer having access to or care of the funds and assets of the bank must furnish a surety company bond in an amount not less then twenty per cent of the capital stock of the bank; provided that in no case shall the bond for any such officer be less than $5000.00. All employees having access to or care of the funds and assets of the bank must furnish a surety company bond in an amount not less than Five Thousand ($5,000.00) Dollars, each of which bonds must have the approval of the superintendent of banks before it can be accepted; and when the same shall have been accepted by the board of directors of the bank or trust company, it shall be filed with the superintendent of banks. No bond having been so approved and accepted may be altered, canceled or terminated, by any one, until after thirty days written notice of the intention to alter, cancel or terminate such bond shall have been served upon the superintendent of banks, and no liability of any bonding company which shall have accrued prior to the time above mentioned shall terminate within less than one year after such bond shall have been canceled."

The Special Session of the Twenty-Third Legislature enacted chapter 4, Laws Special Session 1933, entitled, "An Act Providing for Fidelity Bonds for Officers and Employees of Banks, and Authorizing the State Banking Commission to Prescribe and Fix the Form and Amount of Such Bonds," which statute in its entirety reads as follows:

"Section 1.   *Bonds of Officers and Employees.*   Each officer and employee having access to or care of the funds and assets of a bank or trust company shall furnish a fidelity bond in such amount and in such form as is fixed and prescribed by the State Banking Commission.   Such bond shall be accepted by the Board of Directors of the bank or trust company and filed in the office of the Superintendent of Banks.   No bond having been so approved and

accepted may be altered, cancelled or terminated by anyone until after thirty days written notice of the intention to alter, cancel or terminate such bond shall have been served upon the Superintendent of Banks and no liability of any bonding company which shall have accrued prior to the time above mentioned shall terminate within less than one year after such bond shall have been cancelled.

"Section 2. Section 8957 of the 'Revised Code of 1919, and Acts amendatory thereof are hereby repealed insofar as the same conflict with the provisions of Section One hereto."

Plaintiff is a resident, citizen, and taxpayer of this state, and also the duly licensed and acting agent for various surety companies lawfully engaged in the business of writing fidelity bonds in this state. Defendants are the superintendent of banks and the members of the state banking commission of this state. Plaintiff instituted the present action asking that defendants be restrained and enjoined from approving, accepting, and filing any fidelity bonds upon officers or employees of state banks or trust companies executed by "Lloyd's of London" as surety. The Butte County Bank and Jerauld County Bank, being two state banks who were desirous of having the fidelity of their officers and employees bonded by Lloyd's and of having such bonds approved, accepted, and filed, were permitted to intervene. Issue was joined, the facts were stipulated, and the matter came on for trial before the court. Findings, conclusions, and judgment were in favor of plaintiff, awarding him the relief prayed in his complaint, from which judgment defendants and interveners have now appealed.

We need not undertake for the purposes of this opinion to determine just what kind of an institution, association, or corporation "Lloyd's of London" may be, nor just how its business is conducted or its insurance policies or fidelity bonds executed and issued. It is sufficient to say that it is stipulated by the parties that neither Lloyd's of London nor the individual underwriting members thereof nor the syndicates into which such underwriters are grouped are "surety companies" within the definition of the statutes of this state. It is further conceded that neither Lloyd's of London nor its underwriters nor their syndicates have complied or attempted to comply with any statutes of this state relating to insurance companies, and neither they nor any of them are authorized to do

business as an insurance company within this state pursuant to section 9160, R. C. 1919, as amended by chapter 161, Laws 1929.

Appellants urge two contentions upon this appeal which they state in their brief in the following language:

"It is the contention of the appellants that the statutes of South Dakota do not require fiduciary insurance to be written by a surety company, but that any form of fidelity bond acceptable to the board of directors may be approved and filed by the State Banking Department. * * *

"It is the further contention of appellants that insofar as the decision and judgment of the trial court deny to citizen bank officers or employees the right to go outside the State of South Dakota and buy their fidelity bonds from a company not transacting business within the State, the same is in contravention of the Constitution of the United States, and in particular of Section 1 of the Fourteenth Amendment, in that said decision and judgment thereby abridges the privileges and immunities of the citizen and deprives him of his liberty and property without due process of law; that insofar as said decision and judgment construe any statutes of the State of South Dakota, and in particular Sections 9159 or 9161 of the 1919 Code, as a restriction upon the right of the citizen bank officer or employee from going outside the State to procure his fidelity bond, if he so desires, the section or sections of the statute so construed are unconstitutional and void, for the reason that they are in conflict with the said Section 1 of the Fourteenth Amendment of the Constitution of the United States."

Appellants in their brief summarize the question presented by their first contention thus: "Does Section 8957 of the 1919 Code (with an amendment by Chapter 96 of the Session Laws of 1925, which is not material), as amended by Chapter 4 of the Special Session Laws of 1933, still require that the 'fidelity bond' furnished by bank employees be a 'surety company bond.' In other words, does 'fidelity bond' in the 1933 amendment still mean 'surety company bond.'"

This form of phrasing the question somewhat misapprehends the situation. It will be noted that appellants speak of section 8957, R. C. 1919, "as amended by Chapter 4 of the Special Session Laws of 1933," and speak of the "1933 amendment." It is possible

(though we need not and do not decide the point in this case) that the situation presented might be somewhat different if the 1933 act was a specific amendment of section 8957 whereby the words "fidelity bond" were expressly substituted in place of the pre-existing words "surety company bond." This, however, is not what the Legislature did. They did not amend nor attempt to amend section 8957. By chapter 4, Laws Special Session 1933, they passed a new and independent act expressly stating their intention thereby to repeal section 8957 and the amendatory act (chapter 96, Laws 1925) only "insofar as the same conflict with the provisions of Section One hereof." It follows, therefore, that all provisions of section 8957, as amended (chapter 96, Laws 1925), continue to be the law save only where they are irreconcilable and in necessary conflict with the provisions of the 1933 act. It is common knowledge, of course, that a considerable part of the business of surety companies is the writing of fidelity bonds, and certainly there is no irreconcilable conflict between an act requiring a "fidelity bond" and an act requiring a "surety company bond." A fidelity bond executed by a surety company complies fully with the terms of both acts, and they can stand together in entire harmony. We are unable to see that the language of the 1933 act with reference to a "fidelity bond" (bearing in mind that it was not and did not purport to be a substitution of language by specific amendment) by any necessary implication repeals the requirement of the prior law for a "surety company bond." The Attorney General of this state so held (Report Atty. Gen. [1932-34] p. 68), and we think his opinion on the point was correct.

State banks and trust companies owe their existence to legislative act and are engaged in a business subject to legislative control under the police power. Cf. State ex rel Sharpe v. Smith (1931) 58 S. D. 22, 234 N. W. 764. We believe that it is clear, and we understand appellants to concede, that the Legislature may if it sees fit require officers and employees of such banks having access to the funds thereof to be covered by fidelity bonds executed by surety companies. We think, as above stated, that the Legislature has so required. Since it is conceded that the fidelity bonds here involved are not in fact "surety company bonds," our holding on this point disposes of the appeal, and it becomes entirely unnecessary to consider the second contention urged by appellants,

which could only be reached if their first contention was decided in their favor.

It follows that the judgment appealed from should be, and it is, affirmed.

All the Judges concur.